SOUTHWICK, P.J.,
for the Court:
¶ 1. Larry Meeks was convicted of operating a salvage yard in violation of a City of Corinth zoning ordinance. He appeals asserting that the evidence was insufficient to prove that his place of business was a salvage yard. Finding no error, we affirm.
FACTS
¶ 2. Meeks owned and operated both a motorcycle repair shop and a locksmith business out of a single piece of property in Corinth. While the locksmith business *995 was his primary occupation, he derived approximately, one quarter of his income from repairing motorcycles. This property was zoned C 2, which excludes “junkyards.” At his place of business, he stored outdoors numerous used motorcycles. Some of these motorcycles had been stored there since 1980, and some of them were not in running condition. Over a period of several years, city officials had attempted to get Meeks to move these motorcycles to other property in which junkyards were permitted.
¶ 3. Meeks and the city’s continuing disagreements led to the city’s issuance of a citation for a zoning infraction. After conviction in the Municipal Court, Meeks appealed to the Circuit Court of Alcorn County for a trial de novo. Meeks was again convicted of violating the zoning ordinance. He was fined $100.00 per day for so long as the property continued to fail to conform to the zoning ordinance, but the court ordered the fine suspended if the property was brought into conformity within forty-five days.
DISCUSSION
¶4. Factual findings made by a circuit court sitting without a jury will not be disturbed unless manifestly in error or clearly erroneous. Maldonado v. Kelly, 768 So.2d 906, 908 (Miss.2000). In this case, the circuit court determined that Meeks’ use of his property was consistent with the ordinance’s definition of a “junkyard or salvage yard”
A lot, parcel of land, or structure, or part thereof, used primarily for the collection, storage and sale of wastepaper, rags, furs, hides, scrap metal, or discarded material; or for the collecting, dismantling, storage or salvaging of machinery or vehicles not in running condition, or for the sale of parts thereof.
¶ 5. Meeks contended that his property was not a junkyard because “[m]ost of that stuff is not even for sale, it’s projects I got going.... In order to fix up a used motorcycle without spending a lot of money, you’ve got to have about five or six of the same thing to get enough parts to make a good one.”
¶ 6. The Mayor of Corinth, Jerry Latch, testified that a group of photographs introduced into evidence accurately reflected the appearance of Meeks’ property. If a picture can be worth a thousand words, this is one of those instances. The photographs show scores of motorcycles parked in clusters amidst weeds growing beside or out of them. These photographs, combined with Meeks’ testimony that his motorcycle repair business includes storing and salvaging parts of motorcycles not in working condition, amply supports the circuit courts’ finding.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY OF THE CONVICTION OF VIOLATION OF THE CODE OF ORDINANCES, SUSPENDED FOR 45 DAYS SHOULD MEEKS DURING THAT TIME CORRECT THE VIOLATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.